UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Nos.: 2:19-CR-58 |
| | ) | 2:19-CR-106 |
| | ) | REEVES/WYRICK |
| KENNETH TODD SPOON | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Kenneth Todd Spoon's second motion for furlough [Case No. 2:19-cr-58, D. 52]. Mr. Spoon, who was sentenced on February 28, 2020 but is not yet in the custody of the Bureau of Prisons, asks the Court to grant him furlough to visit his late mother prior to her interment on May 8, 2020. Previously, the Court denied Mr. Spoon's first motion for furlough to visit his mother during her illness.

The Court expressed condolences to Mr. Spoon for his loss. But Mr. Spoon has not established by clear and convincing evidence that he will not flee or pose a danger to any other person on the community if granted furlough, so his motion [D. 52] is **DENIED**.

I. **Background**

On August 5, 2019, Mr. Spoon pled guilty to a single count Information alleging a violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was detained pending sentencing. [2:19-cr-106, D. 7]. On January 27, 2020, Mr. Spoon moved for furlough to visit his ill mother. [2:19-CR-58, D. 43]. The matter was referred to the Honorable Cynthia Richardson Wyrick, United States Magistrate Judge, who found that Mr. Spoon has "an extensive

criminal history, including multiple instances of escape," as well as "a history of violence." [D. 46]. Consequently, Mr. Spoon's first motion for furlough was denied. [*Id.*].

On February 28, 2020, this Court sentenced Mr. Spoon to 155 months' imprisonment, with a 5-year period of supervision upon release. [2:19-CR-106, D. 22]. Mr. Spoon appealed, but voluntarily dismissed his appeal on April 22, 2020. [2:19-CR-106, D. 28].

On May 1, 2020, Mr. Spoon, through counsel, filed a second motion for furlough to make a final visit to his late mother. [2:19-CR-58, D. 52]. Unfortunately, Mr. Spoon's mother passed away on April 29, 2020. [*Id.*]. Mr. Spoon confirmed his mother's passing and the details relevant to any visit through an email from Ms. Cassandra Hill, an employee of the funeral home. [D. 52-1].

That same day, the Government responded in opposition. [D. 53]. Citing Mr. Spoon's "lengthy history of violent crimes, parole and probation violations, and two (2) escapes," the Government contends that Mr. Spoon "has not met the standards of 18 U.S.C. § 3143 or Fed. R. Crim. P. 46(c), with clear and convincing evidence that the Defendant is not a flight risk or that he does not pose a danger to persons or community." [*Id.* at 4]. The Government argues that circumstances have not changed from Mr. Spoon's previous motion and that he was aware of his mother's health at the time that he committed his offense. [*Id*].

## II.   Legal Standards

Pursuant to Rule 46(c) of the Federal Rules of Criminal Procedure, release pending sentencing or appeal is governed by 18 U.S.C. § 3143.[1] To be released, a defendant must establish by clear and convincing evidence that he will not flee or pose a danger to any other person or the community if released. *See* 18 U.S.C. § 3143(b); Fed. R. Crim. P. 46(c).

## III.   Analysis

Mr. Spoon "only asks for the chance to see his mother one last time" and states that "[h]e has no ulterior motive." However, his circumstances have not changed since his previous motion.

As has been recounted, Mr. Spoon has an extensive criminal history, including multiple instances of escape. [2:19-cr-106, D. 9]. He still has a history of violence and qualified as an Armed Career Criminal. [*Id.*]. During Mr. Spoon's detention hearing, the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. [2:19-cr-58, D. 10, p. 2]. Moreover, the Government proved by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Mr. Spoon's appearance before the Court as required. [2:19-cr-58, D. 10, p. 2]. Further noting Mr. Spoon's threats regarding the Assistant United States Attorney in this case, the Court previously found that he failed to prove by clear and

---

[1] The Court notes that Mr. Spoon has already been sentenced and voluntarily dismissed his appeal on April 22, 2020. However, Mr. Spoon is not yet in the custody of the Bureau of Prisons. Consequently, the Court has determined that 18 U.S.C. § 3143, rather than 18 U.S.C. 3622, is the appropriate framework for Mr. Spoon's petition.

3

convincing evidence that he would not flee or pose a danger to any person or the community if furloughed. [D. 46]. In short, other than an assertion of willingness to comply with any terms of furlough, Mr. Spoon points to no basis to find that his circumstances have changed.

The Court extends its sympathies to Mr. Spoon. But the Court finds that Mr. Spoon's criminal history, particularly his history of escape and violence, far outweigh his bare statement that he would comply with any furlough terms. In other words, Mr. Spoon has not demonstrated by clear and convincing evidence that he will not flee or pose a danger to any person or the community if release from custody, even on a temporary basis.

### IV. Conclusion

In light of the foregoing, Mr. Spoon's second motion for furlough [2:19-cr-58, D. 52] is **DENIED**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4

Case 2:19-cr-00058-PLR-CRW   Document 54   Filed 05/05/20   Page 4 of 4   PageID #: 256